HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANDREW STRICK,

        Plaintiff,

v.

DOUG PITTS,

        Defendant.

CASE NO. C15-5209 RBL

ORDER

THIS MATTER is before the Court on Plaintiff Strick's proposed complaint and his application to proceed in forma pauperis. [Dkt. #1] Strick seeks to sue a host of people allegedly involved with an incident that happened while he was incarcerated, in January 2009—more than six years ago—for various violations of his constitutional rights. He sues under 42 U.S.C. §1983.

A comparison of his current proposed complaint and his prior complaint in *Strick v Pitts,* Cause No 11-5110RBL, demonstrates that many, if not most, of the defendants are the same, and the events all relate to the probation conditions imposed by the Thurston County Superior Court on January 4, 2005, and his subsequent arrest and incarceration on January 6, 2009. He complains in both cases about his treatment, strip searches, and specifically an altercation with

ORDER - 1

1  "CCO Williams" on January 20, 2009. [*Compare* Complaint, Paragraph 14 in the prior case to
2  Paragraph 4.7 of the current proposed complaint].

3      The prior case was dismissed without prejudice because Strick failed to respond to an
4  order to show cause. [*See* Dkt. #s 45, 56, and 47 in the prior case]. That dismissal was affirmed
5  by the Ninth Circuit in August 2014. [Dkt. #s 57 and 59]. Strick now seeks to renew his claims,
6  despite the passage of more than six years.

7      A district court may permit indigent litigants to proceed *in forma pauperis* upon
8  completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad
9  discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil
10 actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th
11 Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed
12 *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the
13 action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369
14 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis*
15 complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v.*
16 *Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir.
17 1984).

18     A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it
19 must nevertheless contain factual assertions sufficient to support a facially plausible claim for
20 relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell*
21 *Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A
22 claim for relief is facially plausible when "the plaintiff pleads factual content that allows the

1  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

2  *Iqbal*, 556 U.S. at 678.

3  Strick's claims appear to be facially time-barred. The limitations period for a §1983 claim is three years. §1983 contains no statute of limitations. Federal (and state, for that matter) courts instead "borrow "§1983 limitations periods from analogous state law. Specifically, they borrow the state's "general or residual statute for personal injury actions." *Owens v Okure*, 488 U.S. 235, 250 (1989). In Washington, that statute is RCW 4.16.080(2), which is a three-year limitations period. *Bagley v CMC Realty Corp.*, 923 F.2d 758, 760 (9th Cir. 1991).

Plaintiff's claim does not meet the *in forma pauperis* standard as it is currently plead. The claims appear to be far too late, and thus frivolous. The Motion for IFP status is DENIED. Strick shall pay the filing fee, or file an amended complaint, timely stating a claim within 21 days of this Order, or this matter will be dismissed without further notice.

IT IS SO ORDERED.

Dated this 20th day of April, 2015.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE